UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELINE PUZAS,<br><br>   Plaintiff,<br><br> v.<br><br>KING COUNTY ET AL.,<br><br>   Defendants. | CASE NO. 23-cv-01656<br><br>ORDER REGARDING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, and Plaintiff Jacqueline Puzas's objection the R&R. Dkt. Nos. 3, 5. Judge Peterson recommends that Puzas's case be dismissed and her IFP application be denied as moot because she failed to correct a deficiency in her filing. Dkt. No. 3. But because the Local Civil Rule the R&R relied upon has since been amended, the Court declines to adopt the R&R as explained further below.

As the R&R correctly recounts, the Clerk's office notified Puzas that her "Complaint and Motion for Emergency Injunctive Relief and Appointment of Legal Representation as filed was/were not properly signed." Dkt. Nos. 2, 3. The notice

ORDER REGARDING REPORT AND RECOMMENDATION - 1

also stated that Puzas's failure to correct the deficiency may result in dismissal of her case. *See id.* The Clerk's office instructed Puzas to correct the filing deficiency by November 13, 2023. Dkt. No. 2. Because the deficiency was not timely corrected, the R&R issued on November 15, 2024, recommending dismissal. Dkt. No. 3.

Puzas objected to the R&R on December 4, 2023, stating that she in fact filed corrected documents on October 30, 2023, at 4:28 P.M. and that "[t]he clerk confirmed receipt of the cured documents on October 30, 2023, at 4:36 P.M." Dkt. No. 5 at 1. Puzas also claims she did not receive the document filed under Dkt. No. 1, which is her signed IFP application and supporting documents. She claims that the deficiency letter, Dkt. No. 2, was "delayed" and showed signs of "tampering." Dkt. No. 5. As attachments, Puzas included what appears to be an email to "newcases.seattle@wawd.uscourts.gov" sent on October 30, 2023, at 4:28 P.M., as well as a response stating, "Got it, thanks!" from that same email address. Dkt. No. 5-1 at 1. Puzas's objection, however, did not include a corrected, signed, version of her complaint. *See id.*

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Rule 72(b)(2) provides that "a party may serve and file specific written objections to the proposed findings and recommendations." In her objection, Puzas contends that she *did* correct her complaint's deficiency as directed by the Clerk's office. Dkt. No. 5. As Judge Peterson correctly found, Puzas did not correct the filing deficiency as directed. *See* Dkt.

ORDER REGARDING REPORT AND RECOMMENDATION - 2

Puzas claims the Clerk's deficiency letter was "delayed" and that it "tamper[ed]" with, which is supported by the record given that the letter was returned to the Clerk's office as undeliverable. Dkt. No. 5 at 1. This alone does not excuse Puzas's failure to "physically sign[ ]" her complaint as the notice advised, Dkt. No. 2, and as required by Rule 11 and LCR 83.2, since pro se litigants are required to keep the Court up-to-date about their current mailing address, LCR 41. But it supports the reasonable conclusion that she was unaware of the specific nature of the deficiency.

But the circumstances have changed since the R&R found Puzas's pleadings were lacking because her filings did not include a physical signature. The District recently amended its Electronic Filing Procedures in April 2024, striking the original signature requirement. *See* https://www.wawd.uscourts.gov/attorneys/how-to-e-file. Thus, under the amended rule, the "s/" electronic signature Puzas originally provided would now be acceptable.

Generally, failure to follow a court's local rules is grounds for dismissal. *United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979). The Court finds, however, that the public's interest in expeditious resolution of this case, the Court's need to manage its docket, the interest of deciding this case on its merits, the fact that no defendants have appeared yet to be prejudiced, and the fact that Puzas's pleadings comply with the current Local Rules, weigh against dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Accordingly, the Court declines to adopt the R&R and refers this matter back to Judge Peterson to consider Puzas's IFP application and for other proceedings.

ORDER REGARDING REPORT AND RECOMMENDATION - 3

1   It is so ORDERED.

2   Dated this 27th day of June, 2024.

Jamal N. Whitehead
United States District Judge