UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELINE PUZAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY ET AL,<br><br>　　　　　　Defendants. | CASE NO. 23-cv-01656<br><br>ORDER DENYING IN PART MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND APPOINTMENT OF COUNSEL |

## 1.  INTRODUCTION

Before the Court is Petitioner Jacqueline Puzas's Motion for Emergency Injunctive Relief and Appointment of Legal Representation, Dkt. No. 9. Having considered the Motion, the record, and the law, the Court is fully informed. For the reasons below, the Court DENIES IN PART Puzas's Motion, Dkt. No. 9. The Court denies Puzas's request for emergency injunctive relief for the reasons below, and it reserves ruling on her request for court-appointed counsel. The Court will resolve that issue when it resolves Puzas's separately filed application for court-appointed counsel, Dkt. No. 10.

ORDER - 1

## 2. BACKGROUND

Puzas has sued the Defendants below under 42 U.S.C. § 1983 for violating her constitutional rights:

- King County
- City of Bellevue
- Arete Law Group
- Denise Ashbaugh (an attorney at Arete Law Group)
- City of Seattle
- City of Normandy Park
- South Correctional Entity (General Counsel, other, SCORE Jail)
- Washington State Patrol
- Sexual Violence Law Center
- Regional Information Sharing Systems (d/b/a Western States Information Network Inc.)
- Melody Overton
- Shontrana Gates-Wertman
- Kim Frederick in her official capacity as King County Civil Division Chief
- Denise Ashbaugh (an attorney at Arete Law Group)
- Ann Davison in her capacity as "City of Seattle Civil Attorney"
- Kent A. Shaw as Executive Director of Regional Information Sharing Systems

Puzas filed her complaint on June 27, 2024, which is the same day she filed this Motion. Dkt. No. 8. To date, Puzas has not requested a summons to serve on any of

ORDER - 2

the Defendants, nor has she confirmed that she has notified the Defendants of her lawsuit or of this Motion for emergency injunctive relief.

Puzas alleges that Defendants have violated her First, Fourth, Eighth, and Fourteenth Amendment rights on numerous occasions since November 2020. Generally, Puzas claims that Defendants unlawfully arrested and detained her multiple times and that they have been illegally monitoring her activity. Dkt. No. 9 at 3–4. She also argues that a non-Defendant King County Superior Court Commissioner improperly denied a motion that she filed such that "the court deprived [her] of her legal right to preserve and protect her safety, liberty and property." *Id.* at 5 (modified to lowercase).

Puzas asks the Court to "intervene immediately and to impose sanctions upon [Defendants] for the purposes of regaining compliance with constitutional authority for the protection of both the Plaintiff's and the public's interest, the preservation of public policy and the welfare of all." Dkt. No. 9 at 1 (modified to lowercase).

## 3.  DISCUSSION

### 3.1  Rule 65.

The Court construes Puzas's Motion as a motion for a temporary restraining order ("TRO"). Puzas requests emergency injunctive relief, which may come in the form of an injunction or a TRO. Both are governed by Federal Rule of Civil Procedure 65 (Injunctions and Restraining Orders). Under the Rule, courts may only issue preliminary injunctions "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Rule allows courts to issue TROs without notice (or "ex parte"), but

only in limited circumstances. Fed. R. Civ. P. 65(b). Because Puzas does not indicate that she notified Defendants of this Motion, the Court construes the motion as an ex parte motion for a (TRO) under Rule 65(b).

The Court can only issue an ex parte TRO if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney [or pro se movant] certifies in writing any efforts made to give notice and the reasons why [notice] should not be required.

Fed. R. Civ. P. 65(b)(1)(B).

In addition, a party requesting a TRO must be specific about the injunctive relief they want. *See* Fed. R. Civ. P. 65(d). Rule 65 requires injunctions and TROs to "describe in reasonable detail [] the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). The Supreme Court has repeatedly held that Rule 65's specificity standards "are no mere technical requirements." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (referring to Fed. R. Civ. P. 65(d)). TROs cannot be vague because they "prohibit[] conduct under threat of judicial punishment." *Id*. Thus, "basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Id*.

Rule 65's TRO requirements are not flexible. *Reno Air Racing Ass'n Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "Very few circumstances justify[] the issuance of an ex parte TRO." *Id*. The Supreme Court has explained why:

ORDER - 4

> The stringent restrictions imposed ... by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Id.* (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).

### 3.2   Puzas's request for injunctive relief.

Puzas has not filed an affidavit to support her Motion, but she signed the Motion itself under Rule 11. Given this Court's duty to liberally construe Puzas's pro se pleadings, the Court will consider the sworn facts stated in the Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even then, however, Puzas does not meet Rule 65(b)'s requirements for an ex parte TRO.

First, she does not state "specific facts" that show why the Court must grant injunctive relief before Defendants receive notice. Fed. R. Civ. P. 65(b)(1)(A). Instead, Puzas provides broad statements about why the Court must act quickly to resolve her *case* immediately. For instance, she argues that "it is an imperative for this court to intervene immediately and to impose sanctions upon [Defendants] for the purpose of regaining compliance with [the Constitution]." Dkt. No. 9 at 1 (modified to lowercase). These arguments do not contain "specific facts" demonstrating why the Court should issue a TRO without notice. Fed. R. Civ. P. 65(b)(1)(A). Nor does Puzas "certify in writing any efforts made to give notice" to Defendants, or "the reasons why [notice to Defendants] should not be required." Fed. R. Civ. P. 65(b)(1)(B).

ORDER - 5

It is also unclear what "act or acts" Puzas wants the Court to "restrain or require." *See* Fed. R. Civ. P. 65(d)(1)(C). The most specific remedy Puzas references is monetary sanctions, but those are not injunctive relief. *See id*. Due to the vague nature of Puzas's Motion, the Court could not issue a TRO that meets Rule 65's specificity requirements, even if the Rule's other requirements were met.

### 3.3    Puzas's deficient complaint.

After reviewing Puzas's complaint, the Court finds the complaint deficient because it fails to state a viable claim. Thus, 28 U.S.C. § 1915(e) requires the Court to dismiss the complaint with leave to amend. When a litigant proceeds in forma pauperis ("IFP"), "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)–(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citation omitted) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1122). Thus, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not

ORDER - 6

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts have a duty to construe pro se complaints liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (while *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*").

Puzas's complaint, Dkt. No. 8, includes only legal conclusions. For instance, in the fact section, Puzas writes that she has "suffered ongoing Civil Rights violations," then provides categories of alleged violations, like "wrongful imprisonment," "malicious prosecution," and "cyberstalking." But she does not provide any factual allegations to describe how she was wrongfully imprisoned, maliciously prosecuted, or cyberstalked. She does not explain what specific actions Defendants took to violate her constitutional rights. Thus, even under a liberal construction, Puzas's complaint is doomed because it does not state a factual basis for her claims against each Defendant, as required by Federal Rule of Civil Procedure 12(b)(6).

### 4. CONCLUSION

For the reasons above, the Court ORDERS:

- The Court DENIES IN PART Puzas's Motion for Emergency Injunctive Relief and Appointment of Legal Counsel, Dkt. No. 9. The Court denies issuing emergency injunctive relief and reserves ruling on the motion for court-appointed counsel.

- The Court ORDERS Puzas to file an amended complaint within 21 days of the date of this Order that provides a short, plain, and concise statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8.

- If filed, the amended complaint will serve as a complete substitute for Puzas's current complaint. Thus, any amended complaint must not cross-reference the original complaint, and must clearly identify the claims, the specific facts (e.g., the actions of each Defendant and when they occurred) that support each claim, which allegations are relevant to which Defendants, and the relief requested.

- Failure to file a proper amended complaint within 21 days of the date of this Order will result in dismissal of this action without prejudice.

Dated this 31st day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 8